IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 4:19-cr-00124-1

JOHN BROOKS  DEFENDANT

ORDER

On March 31, 2020, the Defendant filed a Motion for Reconsideration of Pretrial Detention Order Pursuant to 18 U.S.C. § 3142(f) [40]. The Government filed a Response [41] in opposition to the Motion the following day. The Motion [40] is ripe for review.

*Relevant Factual and Procedural Background*

On September 12, 2019, the Defendant was charged with possession with intent to distribute methamphetamine in violation of Title 21, United States Code Sections 841(a)(1), 841(b)(1)(C) and 846, in addition to money laundering activities in violation of Title 18, United States Code, Section 1956(h). *See* [1]. The Defendant was arrested on September 24, 2019. *See* [18]. The following day, the Defendant entered a plea of not guilty and waived a detention hearing. *See* [13]. On December 4, 2019, the Defendant pled guilty under oath to both counts of the Indictment, and the Court accepted his plea. *See* [25]. The Defendant's sentencing has twice been continued and is currently scheduled for June 30, 2020. *See* [54]. On March 31, 2020, the Defendant filed the present Motion [40], seeking release from custody pending sentencing based upon the COVID-19 pandemic.

*Analysis and Discussion*

The Court first notes that the Defendant seeks relief pursuant to 18 U.S.C. § 3142. *See* [40]. However, Section 3142 addresses release or detention of a defendant pending trial. 18 U.S.C. §

3142. Because the Defendant has pled guilty and is now awaiting sentencing, the Court looks to 18 U.S.C. § 3143(a) in analyzing whether the Defendant should be released from custody. *See*, e.g., *United States v. Dorsey*, 2020 WL 1914764, at *1 (D. Md. Apr. 20, 2020) (analyzing defendant's request for relief pending sentencing under 18 U.S.C. § 3143(a)); *United States v. Harris*, --- F. Supp. 3d ---, 2020 WL 1503444 (D. D.C. Mar. 27, 2020) (analyzing under 18 U.S.C. § 3143(a) a defendant's request for release pending sentencing due to concerns related to COVID-19 pandemic); *United States v. Massey-Lovejoy*, 2020 WL 1703737, at *1 (N.D. Ohio Apr. 8, 2020) ("Release pending sentencing, as relevant here, is governed by 18 U.S.C. § 3143, which requires that a court detain a person found guilty of certain felony crimes pending sentencing, absent certain narrow exceptions.").

In pertinent part, Section 3143 provides:

> **(a) Release or detention pending sentence.--(1)** Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community . . .
>
> **(2)** The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless--
>
>> **(A)(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a). This language makes clear that Section 3143(a)(1) governs a defendant's detention pending sentencing *unless the defendant has been found guilty of one of the specific offenses listed in Section 3143(a)(2)*.

Section 3143(a)(2) is, by its own terms, applicable to persons found guilty of an offense described in subparagraph (A), (B), or (C) of subsection (f)(1) of Section 3142. Subparagraph (C) of Section 1342(f)(1) explicitly includes "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)[.]" 18 U.S.C. § 3142(f)(1)(C). Because Brooks has pled guilty to Count One of the Indictment, which charges him with "violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(C) and 846," which carries a term of imprisonment in excess of ten years, Section 3143(a)(2) is applicable. *See* [1].

Under 18 U.S.C. § 3143(a)(2), "[d]etainment is mandatory unless (1) there is 'a substantial likelihood that a motion for acquittal or new trial will be granted' or 'the Government has recommended that no sentence of imprisonment be imposed' and (2) the Court 'finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.'" *Massey-Lovejoy*, 2020 WL 1703737, at *2 (quoting 18 U.S.C. § 3143(a)(2)). Here, the first element of Section 3143(a)(2) is clearly not satisfied. As an initial point, the Defendant has made no argument that there is a substantial likelihood that a motion for acquittal or new trial will be granted, and the Court, having reviewed the record, finds nothing to support that such relief is likely. Moreover, the Government has made no recommendation whatsoever that no sentence be imposed against the Defendant. In fact, the Government's opposition to the present Motion supports the opposite conclusion. Therefore, the Defendant cannot satisfy the first element of Section 3143(a)(2).

Even assuming that the Defendant could meet his burden under the first element, he could not clear the second hurdle, as the Court does not find by clear and convincing evidence that the Defendant is unlikely to flee or pose a danger to any other person in the community. As noted above, the Defendant has pled guilty to serious drug and money laundering offenses. The Defendant makes no real argument as to why release is specifically warranted in his case, instead making only broad, generalized allegations concerning COVID-19. While taking seriously the COVID-19 pandemic and the effect it is having across the country and the world, considering the seriousness of the crimes to which the Defendant has pled guilty and the lack of specific arguments as to why he should be released, the Court finds that the Defendant cannot establish by clear and convincing evidence that he is unlikely to flee or pose a danger to any other person in the community.

Having considered the particular facts of this case, the Court finds that the Defendant should not be released from custody pending sentencing. The Motion [40] is DENIED.

SO ORDERED, this the 28th day of April, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE